There may be other answers to the defence set up by the defendant besides the one which I am about to mention; but as that seems to me quite conclusive, I have bestowed no thought upon the others which have been suggested.
The clause in the lease contemplates a case in which the estate of the lessee, as well as that of the lessor, shall be extinguished. This will be obvious from a little reflection. It would be quite unnecessary to make such a provision to guard against the effect upon the lessee of the devolution of the estate of the lessor upon another party. The lessee would, in such a case, hold under the party succeeding to the estate of the lessor, who could not repudiate the demise made by his predecessor in the title. But the lessors, H.T. and Adeline Meech, were not the owners of the demised premises — they belonging to one Washburn. It is not stated that this condition of the title was unknown to the defendant, the lessee, when he took the lease. In the absence of such statement, he must be assumed to have known it. There is also a strong inference to the same purpose from the clause itself; for if the lessors were understood to be the unconditional owners, there could not have been, as I have stated, the least necessity for such a provision. Nothing which the lessors, being the owners, could do, could prejudice the title of the lessees. Any conveyance by them would be subject to the lease, and the lessee, as has been stated, would hold under the substituted owner. It was to provide against apprehended disturbance from this imperfection of title of the lessors that the clause was inserted; and this may have been as important to the lessors as to the lessees. The means agreed upon to prevent disturbance on that account was, as I understand its nature *Page 468 
and design, that the lessee should, in the event of the extinguishment of the lessor's title by the assertion of a paramount title, hold under the party establishing or acquiring such paramount title, upon the same terms as he held under the original lessors. Such paramount title was established by the foreclosure of the mortgage that Washburn had executed; and the plaintiff has become the owner under such title, and he has, by writing, consented to ratify and confirm the lease. This, by the explicit terms of the provision, qualifies the effect of the principle of law which would have extinguished the lease in an ordinary case. The defendant cannot, therefore, set up that principle of law to avoid the further payment of rent; for,modus et conventio vincunt legem. The arrangement is not liable to the objection that it was for the benefit of a stranger. If that were so, probably the plaintiff would be defeated for want of privity. The covenant to pay rent was with H.T. and Adeline Meech, the original lessors, and ran to them or to their assigns. But Washburn was the owner of the demised premises; and whatever title the Meeches had, terminated before or in 1853. Washburn then executed a ratification of the lease, which the defendant accepted, and he continued to enjoy the premises as lessee, and to pay rent. Robert Meech became the owner by mesne conveyances from Washburn in or prior to 1856, and he executed a confirmation, which the defendant received, and he continued to enjoy the premises and to pay the rent. By this instrument of confirmation, Robert Meech makes the lease and all its provisions obligatory on him. By accepting it and continuing in possession, the defendant became the tenant of Robert Meech, and he is concluded from denying that Meech is the assignee of the original lessors; or, if not such assignee, he has become virtually an original lessor by force of the new contract. The estate had ceased, and the defendant accepts Robert Meech as the lessor in their stead. Then Robert Meech conveys to the plaintiff, and that conveyance carries with it the grantor's right to the rents. The defendant, had there been nothing more in this case, would have been bound to pay the rent, according to the *Page 469 
original lease, to the plaintiff, as the assignee of Robert Meech. But then a mortgage, which was a paramount lien, is enforced, and the plaintiff becomes the purchaser of the premises at the foreclosure sale. Had the plaintiff been a stranger to the contract under which the defendant held the premises, then, inasmuch as the lessee, the defendant, was made a party to the foreclosure suit, he, as purchaser under the foreclosure, and being thus invested with the paramount title, might have put an end to the tenancy. But he was the grantee of Robert Meech, the defendant's lessor, by virtue of the instrument of ratification which Meech had executed, and which the defendant had accepted. He is, therefore, to be regarded in the same light as though he held under the Meeches, who executed the original lease, for he has placed himself in that position by his instrument of confirmation. Hence, he is not to be considered as a stranger, but as either the assignee of the original lessors, or as himself an original lessor, and is, therefore, entitled to the advantage which his purchase under the foreclosure had given him, and to ratify and confirm the defendant's tenancy according to the provision to that effect in the lease; and having done so, the defendant cannot repudiate the lease under the principle which has been referred to. The judgment should be reversed, and judgment be given for the plaintiff.
WRIGHT, SELDEN, SUTHERLAND, GOULD and SMITH, Js., concurred.
Judgment reversed, and judgment for plaintiff. *Page 470